[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO CONFIRM ARBITRATION
The plaintiff Karen Thayer and the defendant Citizens Insurance Company agreed to submit a dispute to binding arbitration. The issues to be submitted were liability, damages CT Page 13650 and collateral source issues, if any, for injuries Ms. Thayer suffered in an automobile accident.
At the time of the agreement to arbitrate, Ms. Thayer had already recovered the sum of $20,000 from the alleged tortfeasor. Alleging that this sum did not fully compensate her for her injuries, she invoked the underinsured motorist provisions of her insurance policy with Citizens Insurance. When she and Citizens could not come to an agreement on the additional sum due her, they eventually agreed to arbitrate.
The parties agreed to binding high-low arbitration. The "low" would be the $20,000 already recovered from the tortfeasor, with no "new" money due Ms. Thayer from Citizens. The "high" would be $50,000, which would result in the payment of $30,000 of "new" money from Citizens.
The parties agreed that the contents of the arbitration agreement would not be submitted to the arbitrator, so that the arbitrator would not know the "high-low" numbers, or the amount of the credit to which Citizens was entitled because of Ms. Thayer's $20,000 recovery from the tortfeasor.
The arbitrator occurred before Dennis Gillooly who issued findings and an award on August 3, 1998. The part of the arbitrator's award that neither party disputes here is also his most important findings that the plaintiff suffered injuries and losses as a result of the auto accident and was awarded a gross amount of money damages of $52,500.
The arbitrator had become aware during the course of the arbitration that certain credits were due, and made calculations about the net amount that would be due from Citizens. It is over these findings of the arbitrator that the parties have a dispute.
The arbitrator became aware that the tortfeasor had paid $20,000, exhausting the available liability coverage. Further the arbitrator understood that the parties had stipulated that the entire credit due Citizens included an additional $5000 that had been paid from the tortfeasor's policy for the plaintiff's medical benefits, for a total credit of $25,000. Thus the arbitrator issued a net award of $27,500.
The plaintiff argues that this award is in complete conformity with the agreement of the parties and should be CT Page 13651 confirmed. The defendant argues that the agreement the parties was to provide the additional $5000 credit to the defendant only after the award was made. Thus the defendant proposes a two-step calculation: first, a gross award with a cap of $50,000 from which the initial $20,000 is deducted; and then, a second deduction of $5000 reflecting the subsequent agreement.
The problem for the defendant is that that was clearly not contemplated by the subsequent agreement. That agreement is memorialized in a letter drafted and signed by counsel for the defendant, that states in its concluding sentence:
 Additionally, I send this letter to memorialize our agreement that the $5000.00 medical payments paid out of the [tortfeasor's] policy will be added to the torfeasor payments of $20,000.00 for a total offset of $25,000 which will be subtracted from any arbitration award.
This case involves not simply an agreement to arbitrate but an agreement about how to perform calculations and how to carry out the arbitrator' s award. The defendant drafted the letter that expresses the amended agreement of the parties of how the additional $5000 was to be treated. Such a draft is, to the extent it is ambiguous, construed against the party who drafted it. Streitweiser v. Middlesex Mutual Assurance Co.,219 Conn. 371, 375 (1991); see also 2 Restatement (Second), Contracts (1981) § 206.
In fact the court does not find it particularly ambiguous. The agreement was that out of the gross award, the defendant was entitled to "total offset of $25,000 which will be subtracted from any arbitration award," in the precise words of defendant's counsel.
Out of a total award of $52,500, the arbitrator correctly subtracted $25,000 for a net award of $27,500. Since this amount does not exceed the $30,000 of "new money" that was the agreed upon cap, the arbitrator's award is correct, and it is hereby confirmed.
Pittman, J. CT Page 13652